Gerald Randall JACO, Appellant

v.

Angel Roman RIVERA, Appellee.

No. 14–07–00572–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 12, 2009.

Samuel K. Finegan, Galveston, for Appellee.

Panel consists of Justices YATES, SEYMORE, and BOYCE.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Gerald Jaco, appeals a default judgment in favor of appellee, Angel Roman Rivera.[1] In his sole issue, appellant contends the trial court erred by denying his motion for new trial because he satisfied the *Craddock* elements as required to set aside a default judgment.[2] We reverse and remand.

### BACKGROUND

Appellant's full name is "Gerald Jaco," and his son's full name is "Gerald Randall Jaco." Rivera originally filed suit naming only "Gerald Randall Jaco" as defendant. Rivera alleged he was injured in the course and scope of his employment with the defendant's construction company, a non-subscriber to workers' compensation. Appellant's son was served with citation. The son filed a pro se answer, stating he did not own a construction company and never employed Rivera.

On November 17, 2005, the trial court held a status conference, to which appellant accompanied his son. At the conference, the trial court entered a docket control order setting a pre-trial conference for October 23, 2006 and trial for the two-week period beginning October 30, 2006. Rivera's attorney and appellant signed the docket control order.

On the date of the status conference, Rivera filed a first amended petition, nam-

Kenneth C. Kaye, League City, Walter J. Kronzer III, Houston, for Appellant.

1. Appellee Rivera has not filed a brief on appeal.

2. *See Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

ing both "Gerald Jaco" and "Gerald Randall Jaco" as defendants. Rivera alleged "Gerald Jaco" was Rivera's employer and "Gerald Randall Jaco" was Rivera's supervisor. Subsequently, Rivera filed a second amended petition (the live pleading), naming only "Gerald Jaco" as defendant. Appellant was never served with citation relative to any of these petitions.

The record reflects that appellant did not appear at the October 23, 2006 pretrial conference or the October 30, 2006 trial setting. Therefore, the trial court rendered an interlocutory default judgment. On November 20, 2006, the court held a trial on Rivera's damages, but appellant did not attend. On March 21, 2007, the trial court signed a final judgment. The judgment contains a discrepancy regarding the amount of actual damages awarded, but the trial court awarded at least $1.9 million, plus interest and court costs.[3]

Appellant timely filed a motion for new trial, supported by affidavits of appellant and his son and accompanied by a brief, asserting the default judgment should be set aside because appellant satisfied the *Craddock* standard. The trial court held a hearing on the motion. After hearing arguments, the trial court orally announced it would deny the motion. The trial court did not sign a written order; thus, the motion was subsequently overruled by operation of law. *See* Tex.R. Civ. P. 329b(c).

### ANALYSIS

We review a trial court's ruling on a motion for new trial for abuse of discretion. *Director, State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994). When moving for new trial to set aside a default judgment rendered upon failure to appear for trial, a defendant must (1) prove his failure to appear was not intentional or the result of conscious indifference, but was due to mistake or accident, (2) set up a meritorious defense, and (3) show that a new trial would not cause delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987). If a defendant meets all three *Craddock* elements, the trial court abuses its discretion by failing to order a new trial. *Evans,* 889 S.W.2d at 268.

In his sole stated issue, appellant contends the trial court abused it discretion by denying his motion for new trial because he met all three *Craddock* elements. However, in the body of his argument, appellant presents alternative contentions. First, appellant argues the judgment should be reversed for the sole reason that he was never served with citation and did not waive service or voluntarily appear. *See Kao Holdings, L.P. v. Young,* 261 S.W.3d 60, 61 (Tex.2008) (recognizing Texas procedural rules and due process dictate judgment may not be rendered unless defendant was served, waived service, or made general appearance); *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.,* 186 S.W.3d 571, 574 (Tex.2006) (per curiam) (recognizing default judgment must generally be set aside without further showing if defendant never received service of process). Next, appellant argues the judgment should be reversed solely because the court did not send him notices of the October 30, 2006 trial setting, at which the

**3.** The trial court itemized separate amounts for various elements of damages which totaled $1,913,000. However, immediately after itemizing these elements, the trial court recited that judgment was rendered for $1,950,000 in actual damages. Nevertheless, because we conclude the default judgment should be set aside, we need not consider the import of this discrepancy regarding the amount of damages.

interlocutory default judgment was announced, or the November 20, 2006 trial on damages. *See Mathis v. Lockwood,* 166 S.W.3d 743, 744 (Tex.2005) (per curiam) (dispensing with second *Craddock* element, and noting several courts of appeals have dispensed with third element, if defendant did not receive notice of trial setting). Finally, appellant contends he did satisfy the *Craddock* elements.

In his affidavit, appellant averred he was never served with citation, and nothing in the record controverts this assertion.[4] Moreover, the record reflects the court did not send appellant any notices specifically informing him of the trial settings, although he signed the docket control order, which contained dates for the pre-trial conference and two-week trial period.[5] In the judgment, the trial court recited that appellant made a general appearance when he attended the status conference and signed the docket control order. At the motion-for-new-trial hearing, the court stated it would deny the motion for this reason.

However, in his affidavit, appellant provided the following explanation: he attended the status conference to assist his son; at the request of Rivera's attorney, appellant signed the docket control order, which was completed by Rivera's attorney and the court coordinator; appellant did not know his signature constituted a voluntary appearance as a party to the suit; instead, appellant believed he would be served with citation before any trial was held; appellant was never subpoenaed to appear at trial by his son or Rivera's attorney; and because appellant was never served with citation or subpoenaed, he was unaware his appearance was required at trial and did not note the pertinent dates on his calendar.[6] Rivera presented no evidence controverting appellant's affidavit.

We need not decide whether appellant made a general appearance by attending the status conference and signing the docket control order or whether the order constituted sufficient notice of the trial setting. Even if we assume he generally appeared and received notice of the trial setting, he satisfied all elements of the *Craddock* standard.

### No Intentional or Consciously-Indifferent Failure to Appear

■■■ As noted above, Rivera did not controvert appellant's affidavit. When the factual assertions in the defendant's affidavit are not controverted, the defendant satisfies his burden if he sets forth facts that, if true, negate intentional or consciously indifferent conduct. *Evans,* 889 S.W.2d at 269. We apply this first prong liberally, considering each case on an ad hoc basis. *Ashworth v. Brzoska,* 274 S.W.3d 324, 331–32 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (citing *Gotcher v.*

---

4. The docket sheet reflects a defendant was served with a petition at the November 17, 2005 status conference. However, this entry does not reflect which defendant was served, and both appellant and his son were named as defendants in the first amended petition filed that day. The second amended petition contains a certificate of service attesting it was sent to appellant (the only defendant at that point) via mail, hand-delivery, or fax. However, appellant averred he was not served with citation relative to this petition.

5. In fact, the docket sheet shows that, on October 30, 2006, a hearing on damages was set for November 16, 2006. However, the hearing occurred on November 20, 2006, and the trial court recited in the judgment that the November 20, 2006 hearing was scheduled at the October 30, 2006 trial. Regardless of this discrepancy, Jaco was not affirmatively sent notice of any of these trial settings.

6. In the son's affidavit, he echoed some of appellant's assertions, but we conclude appellant's averments were sufficient to establish the *Craddock* elements.

*Barnett,* 757 S.W.2d 398, 401 (Tex.App.-Houston [14th Dist.] 1988, no writ)). "Conscious indifference" means the failure to take some action that would appear obvious to a reasonable person under similar circumstances. *Id.* (citing *Prince v. Prince,* 912 S.W.2d 367, 370 (Tex.App.-Houston [14th Dist.] 1995, no writ)). The controlling fact is whether there was a purposeful or bad-faith failure to appear. *Id.* (citing *Gotcher,* 757 S.W.2d at 401). Therefore, appellant must provide " 'some excuse, but not necessarily a good excuse' " for failing to appear. *Id.* (quoting *Craddock,* 133 S.W.2d at 125); *see Gotcher,* 757 S.W.2d at 401 (approving of "even a slight excuse"). Thus, even a negligent failure to appear will not preclude setting aside a default judgment. *Ashworth,* 274 S.W.3d at 331–32 (citing *Custom–Crete, Inc. v. K–Bar Servs., Inc.,* 82 S.W.3d 655, 660 (Tex.App.-San Antonio 2002, no pet.); *State v. Sledge,* 982 S.W.2d 911, 916 (Tex. App.-Houston [14th Dist.] 1998, pet. denied); *Gotcher,* 757 S.W.2d at 402).

 In this case, whether appellant's signature on the docket control order actually constituted a general appearance in the suit is a separate issue from appellant's understanding regarding the effect of this action. When deciding whether appellant's failure to appear at trial resulted from intentional disregard or conscious indifference, we consider *his* knowledge and acts, as shown by all evidence in the record. *See Evans,* 889 S.W.2d at 269; *Ashworth,* 274 S.W.3d at 331–32. Appellant's uncontroverted affidavit established that he failed to appear at trial because, even if mistaken, he believed he was not a party unless he was served with citation.

Additionally, other evidence in the record supports a conclusion that appellant's belief was reasonable:

- his son was actually served with citation when he was named, albeit mistakenly, as a defendant;
- when appellant was named as a defendant in the first amended petition, Rivera cited the address where appellant could be served with process, which, as we have discussed, never occurred;
- even after appellant signed the docket control order and was named in the first amended petition, the court sent separate notices regarding entry of the docket control order and the date of the pre-trial conference, to "Jaco, Gerald Randall," but not to appellant; although this action may have been an oversight on the clerk's part, it could have indicated to appellant, who resided at the same address as his son, that appellant was yet not a party;[7]
- appellant was not represented by an attorney; *see Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex.2005) (per curiam) (recognizing that, although pro se litigant is generally held to same standards as party represented by attorney, a court may consider pro se status when deciding whether party's conduct was result of conscious indifference because this determination turns on his state of mind); *see also Ashworth,* 274 S.W.3d at 332–33 (citing *Wheeler* when evaluating pro se defendant's misunderstanding of law as explanation for failure to appear at trial);
- the first entry on the docket control order was the deadline by which new parties "shall be joined *and served*" (emphasis added), which could have led appellant to believe service was

7. Further, although we consider appellant's knowledge and conduct *before* his failure to appear at trial, we note that, after trial, the court still sent notices, including one regarding entry of the judgment, only to "Jaco, Gerald Randall," and not to appellant.

mandated before he was bound by other dates in the order, including the trial setting; and

- appellant averred he thought mediation would occur before trial because the docket control order required mediation by a certain date, but neither the designated mediator nor Rivera's counsel ever contacted appellant to schedule it; thus, appellant obviously relied on an understanding that certain matters outlined in the docket control order would be completed before trial was held.

We conclude appellant's affidavit and the above-cited evidence established that his failure to appear at trial was not intentional or the result of conscious indifference, but was due to mistake or accident.

### Meritorious Defense

Relative to the second *Craddock* element, a defendant sets up a meritorious defense if he alleges facts in his motion and supporting affidavits that in law constitute a meritorious defense, regardless of whether those facts are controverted. *See Evans*, 889 S.W.2d at 270. In his motion for new trial and affidavit, appellant raised several defenses: (1) suit was barred by the statute of limitations; (2) Rivera willfully caused his own injury; (3) Rivera's actions were the sole proximate cause of his injury; (4) the damages award was excessive; and (5) appellant was entitled to a credit for amounts he voluntarily paid to Rivera. Appellant satisfied the second prong of *Craddock* if any of these defenses qualified as meritorious. *See Gotcher*, 757 S.W.2d at 403; *Moving Co. v. Whitten*, 717 S.W.2d 117, 120 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.), *overruled on other grounds by Hines v. Hash*, 843 S.W.2d 464 (Tex.1992).

We conclude appellant set up a meritorious defense at least with respect to his claim that he was entitled to a

credit. In his affidavit, appellant averred that, as a result of Rivera's accident, appellant made weekly payments to Rivera for ten months and also paid for prescription drugs and physical therapy. A meritorious defense is one that, if proved, would cause a different result upon a retrial of the case, although not necessarily a totally opposite result. *Gotcher*, 757 S.W.2d at 403; *Whitten*, 717 S.W.2d at 120. In this case, a defense that might produce the different result of a lesser amount of damages is a meritorious defense under *Craddock*; the opposite result of total non-liability need not be proved. *See Whitten*, 717 S.W.2d at 120; *Folsom Invs., Inc. v. Troutz*, 632 S.W.2d 872, 875 (Tex.App.-Fort Worth 1982, writ ref'd n.r.e.); *see also Gardner v. Jones*, 570 S.W.2d 198, 201 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ) (reversing default judgment where defendant raised meritorious defense to punitive damages which may have been included in judgment). Accordingly, by asserting his credit defense, appellant met the second *Craddock* element. *See Evans*, 889 S.W.2d at 270 (noting defendant asserted meritorious defense under *Craddock* by claiming a credit or offset).

### No Delay or Injury to Rivera

Finally, in his motion for new trial, appellant asserted that a new trial will not delay or injure Rivera. Appellant also offered to reimburse Rivera for reasonable costs incurred in obtaining the default judgment and stated he will be ready to try the case when properly set. If a defendant alleges that granting a new trial will not injure the plaintiff, the burden shifts to the plaintiff to present proof of injury. *Evans*, 889 S.W.2d at 270. Rivera presented no evidence that he would be injured by the granting of a new trial. Moreover, the defendant's willingness to

proceed to trial immediately and willingness to pay the expenses involved in the default judgment, although not dispositive, are important factors for the court to consider when determining whether it should grant a new trial. *See id.* at 270 n. 3; *Cliff,* 724 S.W.2d at 779; *Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 98 (Tex.1986). Consequently, we conclude appellant met the third *Craddock* element.

### CONCLUSION

In sum, the trial court abused its discretion by denying appellant's motion for new trial and refusing to set aside the judgment. Therefore, we sustain appellant's sole issue. We reverse the trial court's judgment in its entirety and remand for further proceedings consistent with this opinion.