**Reversed and Remanded and Memorandum Opinion on Remand filed August 6, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-09-00765-CV

---

## MILESTONE OPERATING, INC. AND DSTJ, L.L.P., Appellants

## V.

## EXXONMOBIL CORPORATION, Appellee

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-16048**

---

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

The trial court granted default judgment in favor of appellee ExxonMobil Corporation and against appellants Milestone Operating, Inc. and DSTJ, L.L.P. (collectively, "appellants"). The trial court denied appellants' motion for new trial. On original submission, our court held that the trial court did not err by denying appellants' motion for new trial because they failed to satisfy the first prong of the *Craddock* test. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133

S.W.2d 124, 126 (1939). The Supreme Court of Texas granted appellants' petition for review, reversed our holding regarding the first *Craddock* prong, and remanded the case to our court. On remand, we reverse and remand the case to the trial court for proceedings consistent with this opinion.

## I. BACKGROUND

As alleged in ExxonMobil's petition, ExxonMobil entered into a Farmout Agreement ("Agreement") with DSTJ in which ExxonMobil permitted DSTJ to drill on ExxonMobil's oil and gas leases in Jefferson County. According to the Agreement, if DSTJ drilled a producing well, ExxonMobil would receive a 25% overriding royalty interest until "payout"[1] occurred and would assign a portion of the lease to DSTJ. DSTJ was obligated to notify ExxonMobil when payout occurred, at which time ExxonMobil could elect to escalate its overriding royalty interest to 27.5% or convert to a 25% working interest. ExxonMobil alleges DSTJ failed to notify ExxonMobil that payout occurred at the Broussard Trust #45 well. Additionally, ExxonMobil alleges the Agreement required ExxonMobil's written consent before DSTJ could assign the Agreement to another party. ExxonMobil alleges that DSTJ eventually assigned the Agreement to Milestone without ExxonMobil's written consent.

ExxonMobil sued appellants for breach of contract and sought damages and declaratory and injunctive relief. ExxonMobil served citation on Donald Harlan, appellants' director/agent/partner. After appellants failed to answer, ExxonMobil filed a motion for default judgment. Appellants failed to appear on or before the hearing, and the trial court granted default judgment in favor of ExxonMobil. ExxonMobil was awarded $1,474,600.26 in unliquidated damages,

---

[1] According to the parties, "payout" occurs when production from the well equals the costs of drilling and completing the well.

$243,481.12 in prejudgment interest, $52,282.00 in attorney's fees, and $1,228.57 in costs. Appellants timely filed a motion for new trial. Following an evidentiary hearing, the trial court denied appellants' motion.

On original submission, our court affirmed the trial court's denial of appellants' motion for new trial regarding liability but reversed the court's award of damages. We determined appellants failed to demonstrate their failure to appear was not intentional or the result of conscious indifference. *See Milestone Operating, Inc. v. ExxonMobil Corp.*, 346 S.W.3d 101, 105–09 (Tex. App.— Houston [14th Dist.] 2011). The Supreme Court of Texas concluded appellants' failure to appear was not intentional or the result of conscious indifference, reversing our judgment and remanding the case to our court "for consideration of the second and third *Craddock* elements." *See Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 308–10 (Tex. 2012) (per curiam).

## II. WHETHER NEW TRIAL IS WARRANTED PURSUANT TO *CRADDOCK*

In their first issue,[2] appellants contend the trial court erred by denying their motion for new trial based on the *Craddock* test. A trial court's decision to deny a motion for new trial will not be disturbed on appeal without a showing of abuse of discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). However, a trial court abuses its discretion by failing to grant a new trial when all three *Craddock* requirements are met. *See id.* at 38–39; *Craddock*, 133 S.W.2d at 126.

Under *Craddock*, the defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference, (2) there is a meritorious defense, and (3) granting a new trial will not operate to cause delay or

---

[2] On original appeal, our court overruled appellants' second issue, in which they contend the trial court erred by finding that ExxonMobil complied with service of process requirements. *See Milestone Operating*, 346 S.W.3d at 104. The supreme court likewise rejected this argument. *See Milestone Operating*, 388 S.W.3d at 309–10.

injury to the plaintiff. 133 S.W.2d at 126. The trial court must test the motion for new trial and evidence against the requirements of *Craddock* and grant the motion if those requirements are met. *Strackbein*, 671 S.W.2d at 39.

### 1. Intentional or Conscious Indifference

On petition for review, the supreme court held, "[T]he evidence here shows that [appellants'] failure to answer was neither intentional nor the result of consciously indifferent conduct." *Milestone Operating*, 388 S.W.3d at 310. Accordingly, appellants satisfied the first *Craddock* prong.

### 2. Meritorious Defense

A meritorious defense is one that, if proved, would cause a different result upon a retrial of the case, although not necessarily a totally opposite result. *Jaco v. Rivera*, 278 S.W.3d 867, 873 (Tex. App.—Houston [14th Dist.] 2009, no pet.). When considering the meritorious defense requirement, the trial court determines only whether the defendant has asserted facts constituting a meritorious defense and should not consider controverting evidence. *See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 n.3 (Tex. 1993).

In their motion for new trial, appellants alleged they have a meritorious defense because they did notify ExxonMobil that payout occurred at the Broussard Trust #45 well. Appellants supported this allegation with Harlan's affidavit, in which he averred:

> In addition, DSTJ did not breach its obligations under the Farmout Agreement with ExxonMobil. Specifically, DSTJ timely notified ExxonMobil that Payout of the Broussard Trust #45 well had been achieved.

ExxonMobil argues Harlan's statement that he provided timely notice of payout is conclusory and does not support a meritorious defense. *See Boyes v.*

4

*Morris Polich & Purdy*, *LLP*, 169 S.W.3d 448, 453–54 (Tex. App.—El Paso 2005, no pet.) (recognizing conclusory allegations do not satisfy the meritorious defense requirement, but rather motion "must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966))). We disagree that this factual statement is conclusory. Harlan could testify that notice was timely provided without attaching supporting documentation. *See Ortega v. Cach, LLC*, 396 S.W.3d 622, 627–28 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding bank officer's statement in affidavit that account was transferred was not conclusory and did not need to be supported by documentation). Moreover, this statement sets up a meritorious defense because, if true, it would mean ExxonMobil receives a 27.5% overriding royalty interest instead of the 25% working interest it was awarded in the default judgment. *See Jaco*, 278 S.W.3d at 873 ("[D]efense that might produce the different result of a lesser amount of damages is a meritorious defense under *Craddock*."); *Gotcher v. Barnett*, 757 S.W.2d 398, 404 (Tex. App.—Houston [14th Dist.] 1988, no writ) ("Because any of the foregoing allegations, if true, would result in a diminution of Barnett's damages on retrial of the case, they raised meritorious defenses."); *Gardner v. Jones*, 570 S.W.2d 198, 201 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ) ("The allegations of Gardner's motion for new trial do, however, establish a meritorious defense to part of the plaintiff's claim for damages.").

ExxonMobil argues *Equinox Enterprises, Inc. v. Associated Media Inc.*, supports the proposition that a defendant must set up a meritorious defense regarding each of the plaintiff's causes of action to satisfy the second *Craddock* prong. 730 S.W.2d 872, 876 (Tex. App.—Dallas 1987, no writ). According to

ExxonMobil, appellants' meritorious defenses do not address ExxonMobil's claims for declaratory relief and, thus, the second *Craddock* prong is not met.

We disagree with ExxonMobil's interpretation of *Equinox*. The *Equinox* court affirmed the trial court's denial of defendant's motion for new trial, not because defendant failed to set up a meritorious defense as to one of two claims, but because defendant never attempted to set up a meritorious defense regarding one claim and made only conclusory allegations relative to its meritorious defense regarding the other claim. 730 S.W.2d at 875–76. Additionally, as we have indicated, it is well settled that the meritorious-defense prong is satisfied if it would cause *a different result upon retrial*. *See Jaco*, 278 S.W.3d at 873. We have already held appellants have set up a defense which may cause the different result of lower damages upon retrial. Thus, appellants have met the second *Craddock* prong.

### 3. No Delay or Injury

To satisfy the final *Craddock* prong, appellants were required to demonstrate that the grant of a new trial will not result in delay or injury to ExxonMobil. 133 S.W.2d at 126. This prong was satisfied because appellants asserted a new trial will not cause undue delay or injury to ExxonMobil, and ExxonMobil did not present any contradicting argument. *See Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994) ("Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff."). Further, appellants stated they are willing to reimburse ExxonMobil for all reasonable expenses incurred in obtaining the default judgment.

6

Accordingly, we hold the trial court abused its discretion by failing to grant appellants a new trial based on the *Craddock* test.[3] We sustain appellants' first issue.[4]

## III. VENUE

Finally, in their fourth issue, appellants contend the trial court erred by implicitly finding venue was proper in Harris County. According to appellants, venue was mandatory in Jefferson County where the subject oil and gas lease was located. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (West 2002) (governing mandatory venue in cases involving real property). Because appellants never challenged venue in the trial court, they waived any right to complain about venue in this appeal. *See* Tex. R. Civ. P. 86(1) ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion[.]"). We express no opinion as to whether appellants' venue defense can be timely raised on remand. We overrule appellants' fourth issue.

We reverse the trial court's judgment and remand for further proceedings consistent with our opinion.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Brown, Boyce, and Christopher.

---

[3] Without citing supporting authority, ExxonMobil further argues we should affirm the default judgment because appellants never filed answers in the trial court. However, appellants may remedy this deficiency by filing answers on remand to the trial court. Thus, we reject ExxonMobil's argument.

[4] Because we sustain appellants' first issue and hold the trial court erred by failing to grant appellants a new trial, we need not consider appellants' third issue in which they challenge the amount of unliquidated damages awarded by the trial court.