**Douglas ASHWORTH, Appellant**

v.

**Richard BRZOSKA, Appellee.**

**No. 14–07–00239–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 4, 2008.

---

Douglas Ashworth, Humble, TX, pro se.

Douglas Ogle, Houston, R. Gary Stephens, Richmond, Skyler Wynne Stephens, Austin, TX, for appellees.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## OPINION

JEFF BROWN, Justice.

A post-answer default judgment was entered against appellant, Douglas Ashworth, who failed to appear for trial because he did not receive notice of the trial setting. The trial court declined to grant a new trial, ruling that Ashworth's nonappearance resulted from his failure to provide a correct, updated mailing address. We hold that the trial court abused its discretion by refusing to grant a new trial. Therefore, we reverse the trial court's judgment and remand this cause for a new trial.

## BACKGROUND

In May 2003, appellee, Richard Brzoska, sued Ashworth, along with Sterling Redfern Corporation and Loch Energy, Inc., alleging, *inter alia*, breach of an employment contract, fraud, and deceptive trade practices. The defendants, who were represented by the same attorney, filed a general denial. In November 2003, the defense attorney moved to withdraw, listing Ashworth's last known address as 7544 F.M.1960 East, #16, Houston, Texas 77346. After the trial court granted his attorney's withdrawal motion, Ashworth opted to proceed *pro se.*

Ashworth's listed address consisted of a mailbox located inside a retail postal center called "Speedy Mail & Parcel." In December 2003, Ashworth failed to pay rent for mailbox #16. Speedy closed the mailbox, which caused all mail addressed to appellant at that mailbox to be returned to the post office. Ashworth then arranged to rent mailbox #17 from Speedy. However, he did not formally notify the trial court, district clerk, or opposing coun-

sel[1] that his address had changed to 7544 F.M.1960 East, #17, Houston, Texas 77346.

The court issued several trial settings, but the case was not reached for trial until November 28, 2006. The defendants failed to appear for trial, prompting the following exchange:

> THE COURT: All right. And do we have either Mr. Ashworth, Sterling Redfern, or Loch—"Loch"/"Loch" Energy Corporation?
>
> MR. STEPHENS: Do not, Your Honor. We've been attempting to try to locate them. They've moved from their last address, and we know of no new address that we can reach them at.

Following a brief bench trial, the court entered a post-answer default judgment against the defendants. The final judgment was signed on January 5, 2007. Ashworth, who received the proposed judgment via certified mail addressed to mailbox #16,[2] moved to vacate the judgment because he did not receive notice of the trial setting.

The trial court's file contains a notice of trial setting, dated April 27, 2006, which lists appellant's address as "7544 F M 1960 EAST 16." Ashworth denied receiving this notice, but the trial court declined to grant a new trial, concluding that appellant had voluntarily changed his address without informing the court clerk. Ashworth, but not Sterling Redfern or Loch Energy, has perfected an appeal from the trial court's ruling.[3] He contends that because he did not receive notice of the trial setting, the trial court abused its discretion by refusing to grant a new trial.

## STANDARD OF REVIEW

■ Because we construe appellant's "Emergency Motion to Vacate Final Judgment" as a motion for new trial, we will apply the standard of review corresponding to the review of a motion for new trial. *See In re Estate of Head,* 165 S.W.3d 897, 902 (Tex.App.-Texarkana 2005, no pet.); *IPM Prods. Corp. v. Motor Parkway Realty Corp.,* 960 S.W.2d 879, 882 (Tex.App.-El Paso 1997, no pet.). We review the denial of a motion for new trial under an abuse-of-discretion standard. *See Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles. *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997).

■ A trial court must set aside a post-answer default judgment when the defendant satisfies the test articulated by *Crad-*

---

1. Brzoska's lawyer, Gary Stephens, has been involved in other litigation against appellant. Ashworth claims that Stephens was aware of the new mailing address because of his involvement in the separate litigation.

2. Appellant was no longer receiving mail addressed to mailbox #16. Acknowledging that he received the proposed judgment at that address, however, he explained that Speedy "still had a [certified mail] yellow slip that had been left behind by their-they have some young boys working for them that stuffed the mailboxes, and the owner was there, and he caught it, and he gave me that. So I rushed down and got this letter, then immediately called Mr. Stephens."

3. A notice of appeal must "state the name of *each party* filing the notice[.]" Tex.R.App. P. 25.1(d)(5) (emphasis added). Although judgment was rendered against Douglas Ashworth, Sterling Redfern Corporation and Loch Energy, Inc., only Ashworth is identified on the notice of appeal. *See id.; Doran v. Clubcorp USA, Inc.,* No. 05–06–01511–CV, 2008 WL 451879, at *3 (Tex.App.-Dallas Feb.21, 2008, no pet.) (mem.op.) ("We have no jurisdiction to consider issues brought by a party who does not file or join in a timely notice of appeal."). Similarly, appellant's brief does not attempt to challenge the validity of the judgment against Sterling or Loch Energy.

dock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939). *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994); *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987). Under *Craddock,* the defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Cliff,* 724 S.W.2d at 779.

■■■ The law presumes that a trial court will hear a case only after giving proper notice to the parties. *Tex. Dep't of Pub. Safety v. Mendoza,* 956 S.W.2d 808, 812–13 (Tex.App.-Houston [14th Dist.] 1997, no pet.). Importantly, then, if the defendant did not receive notice of a trial setting, he satisfies the first prong of *Craddock* and need not prove the existence of a meritorious defense to be entitled to a new trial.[4] *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988). The law prefers that cases be resolved on their merits wherever possible, rather than by default. *See Reed v. City of Dallas,* 774 S.W.2d 384, 386 (Tex.App.-Dallas 1989, writ denied) (Howell, J., dissenting). Accordingly, a trial court abuses its discretion in denying a new trial to a defendant who satisfies the *Craddock* test. *See Evans,* 889 S.W.2d at 268; *Cliff,* 724 S.W.2d at 779.

### ANALYSIS

#### A. Notice of Trial Setting

4. Whether a defendant who receives no notice of a trial setting must satisfy the third *Craddock* prong appears to be the subject of disagreement among Texas appellate courts. *See In re Marriage of Parker,* 20 S.W.3d 812, 817 (Tex.App.-Texarkana 2000, no pet.) (surveying varying approaches employed by appellate courts). We need not decide that issue here; Brzoska does not contend, nor does the record indicate, that a new trial will work an injury to him. *See Cliff,* 724 S.W.2d at 779.

■■■ At the new-trial hearing, Ashworth denied receiving notice of the November 2006 trial setting.[5] Unless Brzoska presented evidence to controvert appellant's no-notice claim, a new trial was required. *See Cliff,* 724 S.W.2d at 779; *Old Republic Ins. Co. v. Scott,* 873 S.W.2d 381, 382 (Tex.1994). He attempts to meet this burden by arguing that (1) Ashworth admitted receiving notice of the trial setting, and (2) under Rule 21a, appellant is presumed to have received notice. We disagree with these contentions.

#### 1. Admission of Receipt:

■■■ At the conclusion of the new-trial hearing, after the court had already ruled, Ashworth stated, "You don't mail out a three-by-five card a year ago, and then the clerk says he tried to call me, but he talks to Mr. Stephens, and Mr. Stephens knows how to get ahold of me[.]" Brzoska urges us to construe this statement "as a direct admission that [Ashworth] did, in fact, receive at least one of the Notices of Trial from the court." We decline to do so.

■■■ We interpret Brzoska's argument as an allegation that Ashworth stipulated to receiving notice of the trial setting. A stipulation includes an admission or concession made in a judicial proceeding by a party or its attorney. *Rosenboom Mach. & Tool, Inc. v. Machala,* 995 S.W.2d 817, 821 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). However, courts

5. Brzoska now complains that Ashworth's denial was not made under oath. Because Brzoska failed to object when appellant offered evidence based on his personal knowledge, however, we hold that Brzoska waived the oath requirement. *See Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex.2005).

should disregard "stipulations" that are unclear or ambiguous. *See Goebel v. Brandley,* 174 S.W.3d 359, 364 n. 7 (Tex. App.-Houston [14th Dist.] 2005, pet. denied).

Ashworth's statement, which was addressed to the trial court, reasonably may be interpreted as a complaint that the court's trial-setting notice was not mailed: "You don't mail out a three-by-five card a year ago[.]" Moreover, were we somehow to construe this statement as an admission that appellant received a trial-setting notice mailed "a year ago," it still does not demonstrate his awareness of the November 2006 trial setting. The record reflects that the court issued at least five trial settings, several of which could be said to have issued "a year ago." For example, in December 2005, slightly more than one year before appellant's February 2007 statement, the court issued a trial setting for March 2006. Receipt of this December 2005 notice, which was issued approximately "a year ago," would not have notified Ashworth that trial was later rescheduled to November 27, 2006. Because Ashworth's statement does not unambiguously demonstrate his awareness of the November 2006 trial setting, we disregard the purported stipulation. *See id.*

**2. Presumption of Notice under Rule 21a:**

▆▆▆▆ Under Texas Rule of Civil Procedure 21a, all notices other than citation—including notification of trial settings—may be served by delivering a copy to the party (1) in person, (2) by agent, (3) by courier receipted delivery, or (4) by certified or registered mail, properly addressed with prepaid postage, to the party's last known address. *See* Tex.R. Civ. P. 21a;

*Osborn v. Osborn,* 961 S.W.2d 408, 411 (Tex.App.-Houston [1st Dist.] 1997, pet. denied). If notice of a trial setting is delivered by one of these four authorized methods, Rule 21a creates a presumption that the notice was received by the addressee. *See* Tex.R. Civ. P. 21a; *Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex. 2005).

▆▆▆▆ However, because the record contains no evidence that notice was mailed to Ashworth, the presumption did not arise. *See id.* ("[W]e cannot presume that notice was properly sent; when that is challenged, it must be proved according to [Rule 21a]."). That a notice was mailed may be demonstrated, for example, by producing a signed certified-mail receipt[6] or a mailed-but-returned-unclaimed parcel. *See, e.g., Withrow v. Schou,* 13 S.W.3d 37, 39 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). The facts of a particular case may not provide for proof by one of those methods. In this case, however, Brzoska could have—but did not—obtained testimony from the trial court clerk or district clerk, or some other witness with knowledge, to prove that the notice was mailed or to speak to the procedures for mailing trial notices. *See, e.g., Sellers v. Foster,* 199 S.W.3d 385, 395 (Tex.App.-Fort Worth 2006, no pet.); *Cont'l Cas. Co. v. Davilla,* 139 S.W.3d 374, 380 (Tex.App.-Fort Worth 2004, pet. denied).

Having failed to present evidence that the trial-setting notice was mailed, Brzoska now observes that (1) copies of the notice appear in the court's file, and (2) the other defendants' trial notices were returned as unclaimed, but Ashworth's was not. We are not convinced by these arguments. The mere presence of the notice *in the court's file* is not evidence that it

6. *See, e.g., Romano v. Newton,* No. 03–06–00255–CV, 2007 WL 2509838, at *3 (Tex. App.-Austin Sept.6, 2007, no pet.) (mem.op.); *Childers v. Childers,* No. 14–03–01266–CV, 2004 WL 3557381, at *1 (Tex.App.-Houston [14th Dist.] Nov. 24, 2004, no pet.) (mem.op.).

was mailed, much less received. *See Sellers,* 199 S.W.3d at 395. Moreover, the fact that Ashworth's trial notice was not returned may reflect, as Brzoska argues, that notice was mailed and received, but it may also support the inference that Ashworth's notice simply was *not mailed* at all. *Cf. Delgado v. Hernandez,* 951 S.W.2d 97, 99 (Tex.App.-Corpus Christi 1997, no writ) (disregarding fact that mail was not returned, in finding lack of notice).

In addition, Brzoska did not present evidence that notice was sent by *certified* or *registered* mail. *See* Tex.R. Civ. P. 21a. In fact, the record shows that regular mail was used to send the trial notices that were mailed to, but unclaimed by, the other defendants. Therefore, there is no presumption of notice under Rule 21a. *See, e.g., Herrera v. Seton Nw. Hosp.,* 212 S.W.3d 452, 459 (Tex.App.-Austin 2006, rule 53.7(f) motion granted); *Kendrick v. Garcia,* 171 S.W.3d 698, 704 (Tex.App.-Eastland 2005, pet. denied) ("Notice by regular mail is not an authorized method of service under Rule 21a."); *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Mach. Co.,* 629 S.W.2d 142, 143 (Tex.App.-Dallas 1982, writ ref'd n.r.e.) (declining to apply Rule 21a presumption to trial-setting postcard sent by regular mail). Were the presumption in place, even so, it would have been rebutted when Ashworth denied receiving notice of the November 2006 trial setting. *See* Tex.R. Civ. P. 21a; *Mathis,* 166 S.W.3d at 744–45; *Cliff,* 724 S.W.2d at 779–80.

### B. Failure to Provide Updated Address

Alternatively, Brzoska contends—and the trial court agreed—that Ashworth's failure to appear resulted from a voluntary decision not to notify the trial court of his new mailing address. In 1999, we held that the Rules impose a duty on parties and their lawyers to provide the trial court with a correct mailing address:

> It is implicit in Rule 8 that an attorney in charge is responsible for notifying the court and opposing counsel of any change in his address immediately and certainly before any address forwarding order has expired. Similarly, [Rule 21a] specifies that notices be sent to the party's *last known address,* thus imposing a responsibility on the person to be notified to keep the court and parties apprised of their correct and current address.... The clerk has a duty to notify the parties of trial settings *and the party has a continuing duty to specify where that notice will be sent.*

*Withrow v. Schou,* 13 S.W.3d 37, 41–42 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (second emphasis added). However, *Withrow* is distinguishable because, unlike in the case *sub judice,* Withrow provided no explanation for his failure to notify the trial court that his address had changed.[7] *See generally id.* at 39–40. *Withrow* should not be read as foreclosing the possibility of a new trial if the defendant proves that his failure to provide a correct address resulted from an accident or mistake. As the Texas Supreme Court has observed:

> Citing Rule 21a's provision that notice may be sent to a party's last known address, the court of appeals held that litigants have a duty "to keep the court

---

**7.** We also note that, unlike here, the record in *Withrow* conclusively demonstrated that the trial-setting notice was in fact mailed to the party's last known address. *See id.* at 39, 40. After appellant denied receiving notice, it became Brzoska's obligation to present evidence

controverting the denial. *See Cliff,* 724 S.W.2d at 779; *Old Republic Ins. Co.,* 873 S.W.2d at 382. That burden necessarily required evidence that notice was actually *mailed. See Sellers,* 199 S.W.3d at 395.

and parties apprised of their correct and current address." Not all courts of appeals appear to agree. But even assuming there is such a duty, *unless noncompliance was intentional rather than a mistake, due process requires some lesser sanction than trial without notice or an opportunity to be heard.*

*Mathis,* 166 S.W.3d at 746 (citations omitted) (emphasis added). The Supreme Court's holding dovetails with the first prong of the *Craddock* test because, to receive a new trial, the defendant must prove that his failure to appear did not result from intentional disregard or conscious indifference. *See Cliff,* 724 S.W.2d at 779. By extension, then, a new trial is warranted if the defendant proves that his failure to appear did not stem from an intentional or consciously indifferent failure to update his mailing address. *See Mathis,* 166 S.W.3d at 746.

 In deciding whether appellant's failure to appear resulted from intentional disregard or conscious indifference, we look to his knowledge and conduct and will examine all of the evidence in the record that was before the trial court.[8] *See Evans,* 889 S.W.2d at 269. We are to apply this first prong liberally, considering each case on an ad hoc basis. *See Gotcher v. Barnett,* 757 S.W.2d 398, 401 (Tex.App.-Houston [14th Dist.] 1988, no writ). "Conscious indifference" means the failure to take some action that would appear obvious to a reasonable person under similar circumstances. *Prince v. Prince,* 912 S.W.2d 367, 370 (Tex.App.-Houston [14th Dist.] 1995, no writ). The controlling fact in this analysis is whether there was a purposeful or bad-faith failure to appear. *See Gotcher,* 757 S.W.2d at 401. Therefore, appellant must provide "some excuse, but not necessarily a good excuse" for failing to appear. *See Craddock,* 133 S.W.2d at 125; *Gotcher,* 757 S.W.2d at 401 (approving of "even a slight excuse"). Thus, even a negligent failure to appear will not preclude the setting-aside of a default judgment. *See Custom–Crete, Inc. v. K–Bar Servs., Inc.,* 82 S.W.3d 655, 660 (Tex.App.-San Antonio 2002, no pet.); *State v. Sledge,* 982 S.W.2d 911, 916 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *Gotcher,* 757 S.W.2d at 402.

Ashworth presented evidence negating the possibility that his failure to update his address, and his corresponding non-appearance, was intentional or the result of conscious indifference. He offered two reasons for this failure. First, he insists that his former attorney told him this case had been dismissed. Brzoska disputes this notion. Second, Ashworth explained that he already defended himself successfully against similar allegations brought by appellee's father, Allen Brzoska. Therefore, he believed that he had been fully exonerated of the conduct alleged by appellee, Allen Richard Brzoska, and that this lawsuit had finally been resolved. Because he did not expect to receive mail on a lawsuit he assumed to be concluded, he did not notify the trial court of his new mailing address.

 Hearing this explanation, the trial court reasoned that appellant nonetheless *voluntarily* chose not to update his address. However, a failure to appear is

---

**8.** Several months after the judgment became final and the trial court lost plenary power, Brzoska attempted to supplement the record with affidavits from a private investigator and his attorney's legal secretary. However, these affidavits were neither presented to nor considered by the trial court, and we therefore do not include them in our review. *See, e.g., Hamel v. Providence Constr., Inc.,* No. 04–03–00766–CV, 2004 WL 1968277, at *2 n. 1 (Tex. App.-San Antonio Sept. 8, 2004, pet. denied) (mem.op.).

not intentional or due to conscious indifference merely because it was deliberate or voluntary; it must also be without adequate justification. *See Sledge*, 982 S.W.2d at 914 (citing *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995)). The trial court was presented with no evidence to controvert appellant's factual assertions that he misunderstood the legal effect of the previous judgment. In deciding whether a defendant has acted with conscious indifference, courts are to make some allowances for a *pro se* litigant's misunderstanding of the law. *See Wheeler v. Green*, 157 S.W.3d 439, 442 & n. 1 (Tex.2005) (drawing distinction between mistakes committed by lawyers and those of *pro se* litigants). A mistaken belief that a lawsuit has been resolved or dismissed, if uncontroverted, negates intentional disregard or conscious indifference. *See Sledge*, 982 S.W.2d at 915–16; *Wheeler*, 157 S.W.3d at 442.

## CONCLUSION

Because the record demonstrates that appellant did not receive notice of the trial setting, he satisfies the first *Craddock* prong and need not prove the existence of a meritorious defense. *See Lopez*, 757 S.W.2d at 723. Accordingly, we reverse the trial court's judgment and remand this proceeding for a new trial.