ACCEPTED
03-15-00800-CV
13149298
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/10/2016 12:56:18 PM
JEFFREY D. KYLE
CLERK

IN THE COURT OF APPEALS
THIRD DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

10/10/2016 12:56:18 PM

JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| ARDETRA LEWIS | § | |
|     APPELLANT | § | |
| | § | |
| VS. | § | CASE NO. 03-15-00800-CV |
| | § | |
| HOUSING AUTHORITY OF THE | § | |
| CITY OF AUSTIN | § | |
|     APPELLEE | § | |

ON APPEAL FROM CAUSE NO. C-1-CV-15-008003
COUNTY COURT AT LAW NO. 2
TRAVIS COUNTY, TEXAS
HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING
(bench trial)
HONORABLE TODD T. WONG, JUDGE PRESIDING
(motion for new trial)

REPLY BRIEF OF APPELLANT ARDETRA LEWIS

Oral Argument Requested

Jim Parker
Johnson, Rial & Parker, P.C.
3660 Stoneridge Road, B-102
Austin, Texas 78746
(512) 322-8100
(512) 322-8143 (fax)
State Bar No. 15488300
jim.parker@johnson-rial-parker.com
http://www.johnson-rial-parker.com
ATTORNEYS FOR ARDETRA LEWIS

# TABLE OF CONTENTS

                                                              Page

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . .  i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . .  ii

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . .  1

SUMMARY OF THE ARGUMENT.. . . . . . . . . . . . . . . . . . .  2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    THERE IS NO BASIS FOR THE TRIAL COURT TO
    DISREGARD ALL THE TESTIMONY AT THE MOTION TO SET
    ASIDE DEFAULT JUDGMENT HEARING.. . . . . . . . .  4

    A PRESUMPTION OF SERVICE UNDER TEX. R. CIV. P.
    21A(E) DOES NOT OVERCOME ALL TESTIMONY TO THE
    CONTRARY.. . . . . . . . . . . . . . . . . . . . .  9

    THERE IS NO EVIDENCE SUPPORTING AN INFERENCE
    THAT JARRELL GREEN SIGNED PLAINTIFF'S
    EXHIBIT 1.. . . . . . . . . . . . . . . . . . . . .  11

CONCLUSION AND PRAYER FOR RELIEF. . . . . . . . . . . .  13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . .  14

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9(i).  14

i

INDEX OF AUTHORITIES

Cases                                                    Page

<u>Ashworth vs. Brzoska</u>, 274 S.W.3d 324 (Tex.
App.--Houston [14th Dist.], no pet.). . . . . . . .   10

<u>In re E.A.</u>, 287 S.W.3d 1 (Tex. 2009). . . . . . . . . .  9

<u>In the Interest of Madeiros</u>, No. 04-00-00827-CV,
2001 Tex. App. LEXIS 7670 at *4, 2001 WL
1411564 (Tex. App.--San Antonio November 14,
2001, no pet.). . . . . . . . . . . . . . . . . . . .  7

<u>Mathis vs. Lockwood</u>, 166 S.W.3d 743 (Tex. 2005). . . . .  5


Rules

Tex. R. Civ. P. 21a(e). . . . . . . . . . . . . 2, 5, 7

ISSUES PRESENTED

THERE IS NO BASIS FOR THE TRIAL COURT TO DISREGARD ALL
THE TESTIMONY AT THE MOTION TO SET ASIDE DEFAULT JUDGMENT
HEARING.

A PRESUMPTION OF SERVICE UNDER TEX. R. CIV. P. 21A(E)
DOES NOT OVERCOME ALL TESTIMONY TO THE CONTRARY.

THERE IS NO EVIDENCE SUPPORTING AN INFERENCE THAT JARRELL
GREEN SIGNED PLAINTIFF'S EXHIBIT 1.

## SUMMARY OF THE ARGUMENT

HACA makes two arguments in its Brief of Appellee that have not been addressed before.

One relies on the doctrine that a fact-finder may believe all, some, or none of the evidence before it. Under this doctrine, HACA argues, a trial court always has the power to disbelieve all evidence other than the certificate of service on the piece of mail in question. Perhaps, HACA argues, the trial judge disbelieved all evidence other than its certificate of service. Under that possibility, the presumption of service under Tex. R. Civ. P. 21a(e) prevails.

Lewis' response is that this argument proves too much and is a misapplication of the evidentiary effect of a legal presumption. The practical meaning of HACA's argument is that the denial of a new trial can never be challenged when there is a proper certificate of service because, perhaps, the trial court chose to disregard all evidence to the contrary. This is incorrect under the Texas case law involving presumptions in general, and constructive notice in particular.

2

HACA's other new argument comes from the certified mail green card that has a name that looks like "Jarrell Green" on it.  12/11/15 RR Vol.3 Px1.  HACA argues that the trial court could infer that this means the green card was signed by Jarrell Green, thereby providing an example of selective acceptance of correspondence.

Lewis' response is that no such presumption can be made in the face of Green's denial that he signed for mail.  In addition, Green was cross-examined by HACA, but HACA did not ask him about the exhibit.  HACA should not be allowed to infer a fact when it had the opportunity to provide direct evidence of that fact (and also risk having it denied) but chose not to do so.

**THERE IS NO BASIS FOR THE TRIAL COURT TO DISREGARD ALL THE TESTIMONY AT THE MOTION TO SET ASIDE DEFAULT JUDGMENT HEARING.**

Only two witnesses testified at the Motion to Set Aside Default Judgment hearing: the Appellant Ardetra Lewis and her boyfriend Jarrell Green. No one testified for the Appellee HACA. The core of the Appellee's argument is that the trial judge was free to disregard all testimony from any or all witnesses. If the trial court disregarded all testimony from all witnesses and only considered HACA's exhibits, the evidence of mailing and the presumption of service of notice would be the only evidence, and HACA would win. This is, indeed, the direction that HACA's argument must take because both witnesses who testified said that there was no actual notice, and HACA offered no evidence of actual notice.[1]

---

1   HACA has chosen not to confront or rebut Lewis' and Green's explanation of how the mail could have been misdirected. The issue of HACA setting up multiple mailboxes with the same apartment number resulting in the misdelivery of mail is discussed under "Step four: explain the situation if step three is proven" on pages 24-26 of Appellant's Brief. In the interest of saving
(continued...)

In support of its argument that the trial judge was free to disregard all witness testimony and rely only on the Tex. R. Civ. P. 21a(e) presumption, HACA cites <u>Mathis vs. Lockwood</u>, 166 S.W.3d 743, 745 (Tex. 2005). The language in <u>Mathis</u>, however, stands for almost the opposite of what HACA cites it for. <u>Mathis</u> holds that disbelieving a witness is not affirmative proof of the opposite of what the witness said. In <u>Mathis</u>, that meant that if the trial judge, hypothetically, disbelieved the Defendant on non-service, that disbelief was no evidence of actual service.

In considering HACA's argument, the question becomes whether the trial judge can disregard all evidence on a

---

1  (...continued)
space, reference is made to that discussion instead of repeating it here.
However, HACA makes one statement that requires a specific response. On page 30 of Appellee's Brief, HACA states, "Here, HACA indisputably complied with Rule 21a and, as explained above, there is evidence that Lewis and Green accepted mail and avoided or refused mail concerning this case." HACA is free to make its arguments regarding alleged avoidance of mail, but there is no evidence whatsoever that mail was "refused." This issue was also discussed in Appellant's Brief, and in the interest of saving space, reference is made to that discussion instead of repeating it here.

disputed fact without abusing its discretion. HACA argues that the only witnesses offering direct evidence on these fact could be disbelieved in their entirety because of four alleged inconsistencies in their testimony:

1. Lewis went to the clerk's office on November 5 and was told there was no setting even though the notice of setting was e-filed after the close of business on November 2.[2]

2. Lewis said she lives in her apartment while Green used the word "our" apartment in a sentence.[3]

3. Lewis testified that she is the only one to receive mail while Green testified that he checks mail when Lewis asks him to, and "we" get other people's mail all the time because the mailbox is set up with multiple apartments having the same mailbox number.[4]

4. Green testified that he never signed for "mail," but he did sign for a UPS package that was not mail.[5]

---

[2] 12/11/15 RR Vol.3 21/7-10 vs. 12/11/15 RR Vol.3 Px1.

[3] 12/11/15 RR Vol.2 16/24-17/1 vs. 20/19-20.

[4] 12/11/15 RR Vol.2 17/2-4 vs. 24/22-25/2 and 20/19-21/1.

[5] 12/11/15 RR Vol.2 25/14-20.

6

Lewis first disputes whether these are even inconsistencies. If they are, are they inconsistencies of such a degree that they would justify a trial judge disbelieving all testimony on any topic by these witnesses? HACA argues repeatedly in its brief that Lewis' and Green's testimony was so tainted by inconsistencies that they, in effect, offered no "competent" evidence controverting the presumption of service under Tex. R. Civ. P. 21a(e).[6] This argument assumes that the four alleged inconsistencies in testimony neutralize all testimony from all witnesses, thereby making it all "incompetent." Of the cases cited by HACA, only one explains what "competent" means in this context. In In the Interest of Madeiros, No. 04-00-00827-CV, 2001 Tex. App. LEXIS 7670 at *4, 2001 WL 1411564 (Tex. App.--San Antonio November 14, 2001, no pet.), the only evidence the complaining party offered was an unsupported allegation of no notice in a motion for new trial. That is what no "competent" evidence

---

6    Appellee's Brief at 17, 24, 26, 28, and 32.

means.  It does not mean a hypothetical choice to disbelieve all testimony from the only witnesses with first hand, personal knowledge.

**A PRESUMPTION OF SERVICE UNDER TEX. R. CIV. P. 21A(E) DOES NOT OVERCOME ALL TESTIMONY TO THE CONTRARY.**

Once a presumption is overcome, it no longer plays a role in the case. "The presumption of service under Rule 21a is not evidence and it vanishes when opposing evidence is introduced that a document was not received." In re E.A., 287 S.W.3d 1, 5 (Tex. 2009).

Nevertheless, HACA argues that the trial judge in the case at bar could still rely solely on the presumption of service to decide the case notwithstanding the testimony of Lewis and Green. As practical matter, however, such a rule goes too far. Were this the law, the denial of a motion for new trial in a proper notice case could never be reviewed because the trial judge might have ignored all evidence and relied only on the presumption of service. More broadly, what happens to sufficiency of the evidence appeals if the appellee can say, "The fact-finder must have chosen to disbelieve all testimony from the other side"?

In almost all the cases found by both parties in the case at bar, the complaining party submitted no evidence

other than a pleading saying they were not served, so believing or disbelieving the complaining party's evidence did not play a role. <u>Ashworth vs. Brzoska</u>, 274 S.W.3d 324 (Tex. App.--Houston [14th Dist.], no pet.), does, however, discuss this issue. The court held that although the regular mail notice in that case did not give rise to the presumption, even if the presumption existed it was rebutted by the complaining party's testimony of no notice. A new trial was ordered. <u>Id.</u> at 331.

Under HACA's reading of the law, the <u>Ashworth</u> ruling could never be made because of the impossible-to-rebut "maybe the trial judge disbelieved everyone" argument. But that can not be the law if there is ever to be judicial review of the denial of a motion for new trial.

**THERE IS NO EVIDENCE SUPPORTING AN INFERENCE THAT JARRELL GREEN SIGNED PLAINTIFF'S EXHIBIT 1.**

12/11/15 RR Vol.3 Px1 is the certified mail notice that the appeal from the justice of the peace to the county court at law had been docketed. HACA states five times in its brief that the signature on the certified mail green card for that notice "appears to be Green's name"[7] and "appears to be that of Jarrell Green."[8] However, this signature is only relevant to the issue of constructive notice if it <u>is</u> Green's signature. "Appears to be" is not good enough. For the signature to be relevant, it must "be" Green's, not just the words "Jarrell Green" by an unknown author. The existing record contains no evidence that Green signed for that letter. This is because HACA chose not to ask Green this question.

Green testified clearly under cross-examination that he has not signed for mail. 12/11/15 RR Vol.2 25/14-20. There are no exemplars of Green's signature in the

---

7    Appellee's Brief at 26.

8    Appellee's Brief at 12, 15, 26, and 28.

11

record, so if HACA wanted to undermine Green's testimony, it had to examine him on the exhibit. It did not. Green was never asked, "Is this your signature?" or "Write your signature on this blank piece of paper ten times." Instead HACA chose to leave Green's clear denial as the only evidence in the record.

At some point the argument "maybe the trial judge disbelieved every bit of evidence other than the evidence that favors me" has to come to an end. Otherwise the whole concept of no evidence review and insufficient evidence review is a waste of time.

## CONCLUSION AND PRAYER FOR RELIEF

Ardetra Lewis received no actual notice of the trial that resulted in a judgment against her, and there is no basis for disbelieving every word of testimony from the only two witnesses who testified in the case. The trial court abused its discretion in denying a new trial. The judgment should be reversed and remanded for a new trial.

Wherefore, Ardetra Lewis prays that this court reverse the trial court's judgment and remand this case for a new trial.

Alternatively, Ardetra Lewis prays that this court enter such additional or alternative decisions to which she may be entitled.

Respectfully submitted,
/s/ Jim Parker
Johnson, Rial & Parker, P.C.
3660 Stoneridge Road, B-102
Austin, Texas 78746
(512) 322-8100
(512) 322-8143 (fax)
State Bar No. 15488300
jim.parker@johnson-rial-parker.com
http://www.johnson-rial-parker.com
Attorneys for Appellant Ardetra Lewis

13

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following on October 10, 2016, by eserve.

Arthur Troilo, III
Heather R. Starling
Troilo Law Firm, P.C.
700 East Eleventh Street, Suite 300
Austin, Texas 78701

/s/ Jim Parker

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9(i)

This is to certify that this Reply Brief of Appellant Ardetra Lewis, except the portions described in Tex. R. App. P. 9.4(i)(1), contains a total of 1,810 words.

/s/ Jim Parker

14