**REVERSE and REMAND and Opinion Filed April 21, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00771-CV**

**ANDREA M. REYES, Appellant**
**V.**
**GUADALUPE TORRES AND ROSALINDA SILVA, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13110**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Garcia

Andrea Reyes appeals the entry of a post-answer default judgment against her in Guadalupe Torres and Rosalinda Silva's (together, "appellees") trespass to try title suit because she did not receive notice of the trial setting.[1] We conclude Reyes proved that she did not receive notice, and therefore the trial court erred in denying her motion for new trial. Accordingly, we reverse the trial court's default judgment and remand the case for a new trial.

---

[1] Appellees did not file a brief.

# I. BACKGROUND

This case has a convoluted history, and the parties are familiar with the underlying facts. Therefore, we recite only those facts relevant to our analysis and disposition.

The parties dispute the ownership of property in Grand Prairie, Texas. Appellees sued Reyes to quiet title and Reyes answered and appeared through counsel.

Reyes's counsel later moved to withdraw, and the court granted the motion. In March 2019, appellees' counsel forwarded a copy of the proposed withdrawal order to Reyes's daughter, Joyce Gutierrez, via email. Gutierrez said that Reyes did not have email, but court filings could be emailed to Gutierrez and she would present and explain them to Reyes.

At some point, it appears that trial was set for March 26, 2019, but there is nothing in our record establishing when this occurred. And although the record reflects that appellees' counsel emailed Gutierrez copies of certain motions and proposed orders, there is nothing to establish that notice of the March 26 setting was emailed to Gutierrez or otherwise sent to Reyes.

On March 26, the case was called to trial. Reyes did not appear. The court's docket sheet states "default judgment," but no judgment was signed on that day. Appellees subsequently filed a "motion for interlocutory judgment" against Reyes

based on the March 26 declaration of default. On April 26, 2019, the judge signed a final judgment against Reyes.

Reyes moved for a new trial. Appellees filed objections and a response. Our record does not indicate whether the court conducted a hearing or ruled on appellees' objections. Instead, the motion was overruled by operation of law.

## II. ANALYSIS

Although Reyes complains in three issues, the essence of her complaint is that the trial court erred by denying her motion for new trial. "A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion." *Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex. 1987). A trial court does not abuse its discretion when it denies a motion for new trial after entry of default judgment unless the defaulting party proves the elements identified in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939). *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam).

Under *Craddock*, the party against whom default was entered must show that (1) her failure to appear was not intentional or the result of conscious indifference, (2) she has a meritorious defense, and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Cliff*, 724 S.W.2d at 779. If the party proves the first element under *Craddock* by establishing that she was not given

notice of a trial setting, a court may dispense with the second and third elements. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005). Thus, the initial question before us is whether Reyes proved that she did not receive notice of the March 26 trial setting.

The law prefers for cases to be resolved on their merits wherever possible. *Ashworth v. Brzoska*, 274 S.W.3d 324, 329 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We presume a trial court will only hear a case after proper notice has been given to the parties. *Id.* Failing to give notice to a party of a trial setting violates the due process requirements of the Fourteenth Amendment of the United States Constitution. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam). In fact, "[a] post-answer default judgment will only be valid if the defendant received notice of the default judgment hearing." *$429.30 v. State*, 896 S.W.2d 363, 366 (Tex. App.—Houston [1st Dist.] 1995, no writ). If there is no such notice, a default judgment should be reversed. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam).

Reyes's affidavit in support of her motion for new trial states that her attorney did not send her notice of the March 26 setting or inform her that she needed to be present that day. Likewise, appellees' counsel provided no notice. Reyes notes that the motion for interlocutory judgment states that she was served electronically, but

4

she says she does not know what that means.[2] Reyes further states that she did not receive notice that the motion for interlocutory judgment would be presented to the court.

Although appellees' response to the motion for new trial raises several arguments, it does not controvert Reyes's testimony that she did not receive notice of the trial setting.[3] Instead, it alleges without supporting evidence that Reyes was provided "notice through her counsel, by the court, on November 27, 2018." There is nothing in the record to support this assertion. Appellees further allege that the court held a status conference concerning Reyes's counsel on March 18, 2019 at which Reyes appeared and "notice of the March 26, 2019 trial setting was indicated." Again, nothing in the record establishes this as fact.

When, as here, a defendant presents verified affidavit testimony establishing that she never received notice of the trial setting, and the testimony is uncontroverted, the trial court must accept the testimony as true, set the default judgment aside and grant the defendant a new trial. *See Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (defendant satisfies her burden by presenting

---

[2] Moreover, as recited in the motion, by the time the interlocutory motion was filed, "default judgment" had already been noted on the court's docket.

[3] For example, the motion objects to Reyes's affidavit as incompetent because she does not speak English and there was no certificate of translation. Our record shows otherwise. The appellees also challenge the attorney's verification for the motion as improper and conclusory. As we previously noted, there is no indication the court considered or ruled on appellees' objections. Moreover, there is no argument before us challenging the motion for new trial as deficient.

uncontroverted factual assertions that, if true, entitle her to new trial); *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (holding that defendant established he was entitled to new trial when he provided uncontroverted testimony that he never received notice of trial setting). Because Reyes's affidavit is uncontroverted, the evidence establishes that Reyes did not receive notice of the trial setting. Consequently, the trial court abused its discretion by denying Reyes's motion for new trial. We reverse the trial court's default judgment and remand this proceeding for a new trial. *See* TEX. R. APP. P. 43.2(d).

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

190771F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

ANDREA M. REYES, Appellant

No. 05-19-00771-CV       V.

GUADALUPE TORRES AND
ROSALINDA SILVA, Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-13110.
Opinion delivered by Justice Garcia.
Justices Myers and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that appellant ANDREA M. REYES recover her costs of this appeal from appellee GUADALUPE TORRES AND ROSALINDA SILVA.

Judgment entered April 21, 2021.

7