# NO. 12-22-00137-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 321ST* |
| *G.M., JR., A CHILD* | § | *JUDICIAL DISTRICT COURT* |
|  | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

M.S. appeals the trial court's default judgment, in which it modified its previous order in a suit affecting the parent-child relationship in favor of Appellee and Counter Petitioner G.M., Sr. In one issue, M.S. argues that the trial court abused its discretion by granting a default judgment against her and, thereafter, refusing to grant her motion for new trial. We reverse and remand.

## BACKGROUND

M.S. and G.M., Sr. are the parents of the child, G.M., Jr. On June 15, 2020, the trial court rendered an order adjudicating parentage, by which it named M.S. and G.M., Sr. as joint managing conservators of G.M., Jr. and named M.S. as having the right to establish G.M., Jr.'s residence. On June 16, 2021, M.S. filed a petition to modify this order. G.M., Sr. filed an answer and counter petition to modify. M.S.'s attorney withdrew on October 5.

A final hearing on the matter was held on February 15, 2022. M.S. did not appear at the hearing, and the trial court granted a default judgment against her, in which it, among other things, named G.M., Sr. as the person with the right to designate G.M., Jr.'s residence and modified M.S.'s possession of and access schedule to G.M., Jr.

M.S. filed a motion for new trial on March 15, 2022. The trial court held a hearing on the motion, at which M.S. testified that she never received a copy of her attorney's motion to withdraw and did not become aware that her attorney had withdrawn until February 18, 2022, the

day she learned that the default judgment was rendered against her. She further testified that while she was living at 1135 Commerce Street in Tyler, Texas, which is the address listed on her former attorney's motion to withdraw, she did not receive the letter notice for the February 15 hearing sent by G.M., Sr.'s attorney, but that she would have been present in court had she received such notice.

G.M., Sr. offered as exhibits, copies of the notice letters for the February 15 hearing, which his attorney sent to M.S. by certified mail and regular mail respectively, as well as unsigned return receipts and tracking information for the certified mailing. The tracking information indicated that the certified letter mailing was unclaimed.[1] G.M., Sr. also presented testimony from M.S.'s former roommate, Patricia Gibson, who testified that she saw M.S. open a letter from an attorney's office and that the letter contained a court date.

At the conclusion of the hearing, the trial court took the matter under advisement. Ultimately, M.S.'s motion for new trial was overruled by operation of law, and this appeal followed.

## POST-ANSWER DEFAULT JUDGMENT

In her sole issue, M.S. argues that the trial court abused its discretion by granting a default judgment against her and, thereafter, by refusing to grant her motion for new trial.

We review the trial court's denial of a motion for new trial under an abuse of discretion standard. *Ashworth v. Brzoska*, 274 S.W.3d 324, 328 (Tex. App.–Houston [14th Dist.] 2008, no pet.); *see Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles. *Ashworth*, 274 S.W.3d at 328.

A trial court must set aside a post-answer default judgment when the defendant satisfies the test articulated by *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987). Under *Craddock*, the defendant must demonstrate that (1) her failure to appear was not intentional or the result of conscious indifference, (2) there is a meritorious defense, and (3) the granting of a new trial will not

---

[1] This hearing was recessed to allow Appellant the opportunity to obtain the reporter's record from the February 15 hearing. The hearing was reconvened on April 26, 2022.

operate to cause delay or injury to the opposing party.  *See Cliff*, 724 S.W.2d at 779; *Ashworth*, 274 S.W.3d at 329.

The law presumes that a trial court will hear a case only after giving proper notice to the parties.  *Tex. Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 812–13 (Tex. App.–Houston [14th Dist.] 1997, no pet.).  Importantly, then, if the defendant did not receive notice of a trial setting, she satisfies the first prong of *Craddock* and need not prove the existence of a meritorious defense to be entitled to a new trial.[2]  *See Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988).  The law prefers for cases to be resolved on their merits wherever possible, rather than by default.  *See Ashworth*, 274 S.W.3d at 329.  Accordingly, a trial court abuses its discretion in denying a new trial to a defendant who satisfies the *Craddock* test.  *See Evans*, 889 S.W.2d at 268; *Cliff*, 724 S.W.2d at 779; *Ashworth*, 274 S.W.3d at 329.

## Discussion

At the hearing on her motion for new trial, M.S. testified that she did not receive notice of the February 15 final hearing.  She specified that she neither saw any notice letters, nor did she sign for or refuse any such letters from the postal service.  She also testified that she lived with other people, who often would check the mail, and she denied that any of them gave her any notices they retrieved from the mailbox.  Lastly, she stated that had she known about the February 15 hearing date, she would have been present at the hearing.  Thus, unless G.M., Sr. presented evidence to controvert M.S.'s lack-of-notice claim, a new trial was required.  *See Ashworth*, 274 S.W.3d at 329.

In an attempt to controvert M.S.'s testimony, G.M., Sr. presented evidence that two notice letters were sent by his attorney by certified mail and regular mail respectively on or about December 7, 2021, to the Commerce Street address listed as M.S.'s address by her former attorney in her motion to withdraw as counsel.  But the return receipt depicted in this exhibit is unsigned, and the tracking information for the certified letter indicates that that letter ultimately was "unclaimed."  G.M., Sr. also presented testimony from a legal assistant at his attorney's office, who spoke to M.S. prior to a mediation set for early February 2022.  However, the witness stated that she did not discuss the February 15 hearing with M.S.  Lastly, G.M., Sr.

---

[2] Whether a defendant who receives no notice of a trial setting must satisfy the third *Craddock* prong appears to be the subject of disagreement among Texas appellate courts.  *See Ashworth v. Brzoska*, 274 S.W.3d 324, 329 at n.4 (Tex. App.–Houston [14th Dist.] 2008, no pet.).  However, we need not decide that issue here since G.M., Sr. does not contend, nor does the record indicate, that a new trial will cause injury to him.

presented testimony from M.S.'s former roommate, Gibson. Gibson testified that she saw M.S. open a letter from an attorney's office and that the letter contained a court date.

Thus, the only testimony presented at the hearing which tends directly to contradict M.S.'s testimony that she did not receive notice of the February 15 hearing is Gibson's. However, Gibson's testimony is vague in most respects. For instance, she failed to note, even generally, the time frame during which she observed M.S. with this letter. Instead, the only time frame that can be established from the record is that this observation took place sometime between April 2021 and the end of December 2021, the period Gibson, M.S., and others were living together at the Commerce Street address. In light of this broad time frame, Gibson's description of the letter simply as being from "an attorney's office" and setting forth a "court date" is too indefinite to allow this court to conclude that such a letter was, in fact, the same notice of the February 15 hearing admitted as an exhibit at the hearing on M.S.'s motion for new trial.[3] Therefore, because G.M., Sr. failed to controvert M.S.'s testimony that she did not receive notice of the February 15 final hearing, we hold that the trial court abused its discretion in not granting M.S.'s motion for new trial. *See id.* M.S.'s sole issue is sustained.

## DISPOSITION

Having sustained M.S.'s sole issue, we ***reverse*** the trial court's default judgment modifying its previous order in a suit affecting the parent-child relationship and ***remand*** the cause for a new trial.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 21, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] The record also includes another letter sent by both certified and regular mail from G.M., Sr.'s attorney to M.S. on December 7, 2021, in which he provides notice to her of a mediation scheduled for February 2, 2022.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2022**

**NO. 12-22-00137-CV**

**IN THE INTEREST OF G.M., JR., A CHILD**

Appeal from the 321st District Court
of Smith County, Texas (Tr.Ct.No. 19-2293-D)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*