In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00017-CV

_____

**RANDOLPH JACK GARRETT, Appellant**

**V.**

**BARNETT CYCLES, LLC AND JERROLD BARNETT JR., Appellees**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-04-06018-CV**
_____

**MEMORANDUM OPINION**

Randolph Jack Garrett appeals from the trial court's dismissal of his claims

and entry of a default judgment in favor of Barnett Cycles, LLC and Jerrold Barnett

Jr.[1] In two issues on appeal, Garrett argues the trial court abused its discretion when

it denied his motion for new trial and his alternative motion to reinstate. Because the

---

[1]For the purposes of this appeal and the issues presented, we will refer to
Appellees collectively as Barnett.

1

trial court may have reasonably concluded Garrett did not establish adequate justification for his failure to appear for trial, we affirm.

## Background

Garrett worked as a General Manager at Barnett Cycles. After Barnett Cycles fired Garrett in April 2021, Garrett filed suit seeking damages and attorney fees from Barnett for alleged conversion and violations of the Texas Theft Liability Act. Both defendants answered and Barnett Cycles counter-claimed seeking damages and attorney fees from Garrett for alleged conversion, breach of contract, fraud and breach of fiduciary duty. In January 2022, the trial court signed a Docket Control Order setting the case on the court's two-week rolling docket on October 3, 2022. In February 2022, Garrett's trial counsel withdrew with Garrett's and the trial court's approval.

On September 22, 2022, Garrett, acting pro se, filed a Motion for Continuance indicating his case was set for trial on October 10, 2022, and asserting he needed more time to hire an attorney. The next day, Garrett filed a Motion for Use of Emergency Procedures, requesting to appear remotely because he was "working out of State…and unable to get time off to attend the hearing in person." Barnett filed responses to both motions asserting that Garrett had over seven months to secure counsel and "has offered no excuse and no reason why he has waited until the eve of trial to do so" and that Garrett's reasons for seeking to appear remotely did not

2

justify emergency procedures which were intended to apply "in the context of the COVID-19 State of Disaster."

On September 23, 2022, the trial court's administrator sent Garrett an email notifying him that his motions were set on the submission docket but that if he did not receive a ruling before October 10, 2022, he would need to appear in court on that date "to discuss continuance with the judge."

On September 29, 2022, Hurricane Ian struck Florida. According to Garrett, the hurricane affected his ability to appear for trial, because he works in an automobile repair shop, and "[w]e had work out the yin-yang because of all the flooding. So they -- people had -- needed their cars fixed… there was nobody taking time off. Everybody was working extra hours." On Friday, October 7, 2022, Garrett emailed the court administrator:

> I am just following up to see if Judge Santini ruled on the motion for continuance? I am in Florida dealing with the aftermath of the hurricane and it is absolutely not possible for me to make it to appear before the court on Monday, so I'm a little nervous about what to do. If there is anyway someone could let me know the status on the motion it sure would mean the world to us right now.

The court administrator answered that the trial court had denied Garrett's motions for continuance and remote attendance and that the parties were required to appear for a bench trial at 9:00 a.m. on October 10, 2022. Garrett responded:

I apologize but I will not be able to attend the hearing on Monday and, as indicated before, am unrepresented at this time. I simply cannot leave my wife and daughters dealing with the aftermath of the hurricane alone. I truly apologize for any inconvenience this may cause.

The case proceeded to trial on October 10, 2022. When the case was called, Garrett did not appear, and the trial court had the bailiff call for Garrett, with no response. The trial court then dismissed Garrett's claims and heard evidence on the counterclaims. At the conclusion of the trial, the court awarded Barnett $210,000 in damages plus approximately $30,000 in attorney's fees and ordered Garrett to deliver to Barnett certain property in Garrett's possession.[2]

On November 10, 2022, Garrett filed a Motion for New Trial or Alternatively, Motion to Reinstate, asserting his failure to appear was not intentional or the result of conscious indifference because, "at all times [he] was attempting to both procure counsel on his behalf as well attempting to find means to take leave from work to attend the trial date set in person outside his domicile state of Florida." The motion asserts Garrett has a meritorious defense because he "never misappropriated nor embezzled funds from Defendants business" and records would show he had used his own funds to purchase tools and equipment. Lastly, the motion asserts no undue

---

[2]Although the record does not contain a counterclaim on behalf of Jerrold Barnett, Jr., Garrett did not object to his inclusion in the judgment's award against Garrett, nor does Garrett make any such complaint on appeal.

4

delay or prejudice would result from granting a new trial because no witnesses or evidence had disappeared. After a hearing during which the trial court heard testimony from Garrett, the trial court denied Garrett's Motion for New trial or Alternatively, Motion to Reinstate. Garrett timely filed this appeal.

**Analysis**

In his first issue, Garrett argues that the trial court abused its discretion when it denied his motion for new trial. In his second issue, Garrett argues the trial court abused its discretion in denying his motion to reinstate. We address these issues together.

In order to prevail on a motion for new trial to set aside a default judgment resulting from a party's failure to attend trial after having made an appearance in the case, the movant must show his failure to appear was not intentional or the result of conscious indifference, the motion must set up a meritorious defense, and granting the motion must not cause undue delay or injury to the non-moving party. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939); *B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 424 (Tex. 2023). The standard for reinstating a claim dismissed for want of prosecution "is essentially the same as that for setting aside a default judgment" except that the moving party is required to establish only the first *Craddock* element. *See Jackson v. Thurahan, Inc.*, No. 14-02-00308-CV, 2003 Tex. App. LEXIS 2707, at *7 (Tex. App.—Houston [14th Dist.]

5

Mar. 27, 2003, no pet.) (mem. op.) (citing *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995)). "When a case is dismissed for want of prosecution, '[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.'" *DanielDean.com, LLC v. Lapole*, No. 09-22-00323-CV, 2024 Tex. App. LEXIS 3403, at *1 (Tex. App.—Beaumont May 16, 2024, no pet.) (mem. op.) (citing Tex. R. Civ. P. 165a(3)).

Regarding *Craddock's* first element, the critical question is: "Why did the moving party not appear for trial?" *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006). "[T]he parties may introduce affidavits, depositions, testimony, and exhibits to explain what happened." *Id.* The moving party has the burden to negate intent and conscious indifference by establishing "some excuse for the failure to appear at trial, which need not necessarily be a good excuse." *Varady v. Gyorfi*, No. 09-15-00237-CV, 2016 Tex. App. LEXIS 3877, at *19-20 (Tex. App.—Beaumont Apr. 14, 2016, no pet.) (mem. op.).

A trial court's decision on a motion for new trial may be reversed only when the record demonstrates an abuse of discretion. *Dolgencorp of Tex. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators,*

6

*Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The "test is whether the act was arbitrary or unreasonable." *Id*. Denying a motion for new trial that establishes all three *Craddock* elements is an abuse of discretion. *Dolgencorp*, 288 S.W.3d at 926. As factfinder on a motion for new trial, the trial court is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Sullivan v. Elliott*, No. 09-22-00368-CV, 2023 Tex. App. LEXIS 7212, at *4 (Tex. App.—Beaumont Sep. 14, 2023, no pet.) (mem. op.). "In reviewing the judgment of the trial court where there are no findings of fact and conclusions of law requested or filed, the judgment must be upheld on any legal theory that finds support in the evidence." *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex. 1984).

Garrett asserted in his post-judgment motions and at the hearing that his failure to appear was not intentional or the result of conscious indifference because he would have lost his job and his family's source of income had he appeared. Garrett testified that after he was fired by Barnett the only place he could secure employment was in Florida. According to Garrett, when Hurricane Ian hit Florida, "people…needed their cars fixed[,]" and his employer was not allowing anyone to take time off. He denied that he was "consciously indifferent towards the procedural deadlines of the trial court[,]" stating "I tried to do what I could to be there, have somebody here, be here, or get it delayed so that I could be here." He testified that in the weeks leading up to the trial, he thought he would be allowed to take off from

7

work, but when the hurricane hit Florida, his employer would not let anyone take leave, and he would have been fired had he left. Garrett described what he believed would happen if he lost his job:

> I would have been -- I would have been homeless because I live paycheck to paycheck right now. My daughters, I'm not only paying for where I live but my wife has left me and we're now divorced, so I wouldn't have been able to support my daughters or pay her child support or alimony, so I'd have been in trouble legally. They wouldn't have been able to pay rent because I'm the one that's – I'm paying their rent through the child support and alimony.
>
> I mean, we would have lost cars. I can't -- we just went through that here. I can't – I can't go through being out of work again for another year.

He testified he took every reasonable step to appear that day, without "destroying his family." When asked whether he understood the consequences of failing to appear for trial, Garrett testified:

> I thought I did. I mean, I -- so, look, I know -- I know being stupid about this stuff isn't, like, okay, but we were set for trial for me on my thing. Right? Me suing the Barnetts for them firing me and stuff and them not following the -- the injunction or restraining order or whatever that you issued before that.
>
> I had no idea that on the back end of that was going to be me getting hammered with a 200 or whatever thousand-dollar judgment because I couldn't get off work. I mean, I figured worst case, I'd lose my end of it, and, yeah, I'd be out a whole lot of tools and parts and it'd suck, but I had no idea I was going to end up underwater on it.

Based on Garrett's testimony, the trial court may have reasonably concluded Garrett made a conscious decision not to appear for trial. A party who deliberately fails to appear for trial may still prevail on a motion for new trial or reinstatement by establishing adequate justification for failing to appear. *Smith*, 913 S.W.2d at 468. "Proof of such justification -- accident, mistake or other reasonable explanation – negates the intent or conscious indifference for which reinstatement can be denied." *Id*. Garrett essentially argues his failure to appear was justified by his inability to find an attorney, family responsibilities and the requirements of his job in the aftermath of the hurricane, and anticipated financial distress should he lose his job for attending trial.

The trial court correctly noted at the beginning of the motion for new trial hearing that Garrett's attorney had withdrawn in February 2022, and although Garrett testified he tried to hire an attorney before the October 2022 trial date, in the absence of admissible testimony describing the extent of any such efforts, the trial court may have reasonably concluded they were less than diligent. At the conclusion of the hearing, the trial court indicated he had previously denied Garrett's motion for continuance, which was based solely on Garrett's lack of legal representation, because, "I looked at when you consented to having your lawyer withdraw, that was seven months. So I didn't find that adequate, an adequate reason. I thought it was more of a delay versus a valid reason." Based on the record, we cannot say the trial

9

court abused its discretion if it reached the same conclusion with respect to Garrett's assertion that his lack of legal representation justified his decision not to appear for trial.

Garrett argues on appeal that he was "unable to leave his children unattended in light of Hurricane Ian's recent landfall in Florida." But it is unclear from the record that his children would have been "unattended" had he appeared for trial. Although Garrett testified, "I couldn't leave my family," he also testified his wife left him, they were divorced, and he was paying for two separate residences, one for himself and one for his ex-wife and children through alimony and child support. The trial court may have reasonably concluded Garrett failed to carry his burden to establish that his family responsibilities were an adequate justification for his failure to appear at trial.

The court may have also reasonably concluded Garrett's responsibilities at work, potential job loss, and any resulting financial distress were not adequate justifications. At the conclusion of the hearing, the trial judge indicated Garrett's motion to attend trial remotely had been denied because, "my exact thought process was, 'Well, you're the plaintiff. You filed the case. It's either more important than your work or it's not.'" Garrett does not cite any authority, and we are aware of none, indicating a self-represented litigant's responsibilities at work, fear of being fired, or anticipated financial difficulties are reasonable explanations for deciding not to

attend trial. "In deciding whether a defendant has acted with conscious indifference, courts are to make some allowances for a pro se litigant's misunderstanding of the law." *Ashworth v. Brzoska*, 274 S.W.3d 324, 333 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Wheeler v. Green*, 157 S.W.3d 439, 442 & n.1 (Tex. 2005)). Nevertheless, a self-represented litigant "is still required to comply with the law and rules of procedure." *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Given the amount of time Garrett was aware of the trial setting (over eight months) and the amount of time he was without counsel (nearly eight months), we cannot say the trial court abused its discretion in concluding Garrett's work-related excuses were inadequate justifications for his decision not to attend trial.

## Conclusion

Because the trial court could have reasonably concluded that Garrett failed to establish adequate justification for a conscious decision not to appear for trial, we conclude the trial court did not abuse its discretion when it denied Garrett's Motion

11

for New Trial or Alternatively, Motion to Reinstate. We overrule both of Garrett's issues and affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on December 2, 2024
Opinion Delivered January 30, 2025

Before Johnson, Wright and Chambers, JJ.