**Reversed and Remanded and Memorandum Opinion filed August 3, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00960-CV

## IN THE INTEREST OF L.H., A CHILD

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-60409**

## MEMORANDUM OPINION

Charles M. Hessel (Father) appeals the trial court's final order in a suit affecting the parent-child relationship, which was effectively a post-appearance default judgment against Father because he claims did not receive notice of the trial setting. *See* Tex. Fam. Code Ann. § 109.002(a) (appeals from final orders). Because we conclude that the trial court abused its discretion when it denied Father's motion for new trial, we reverse the final order and remand the case to the trial court for further proceedings.

# I. BACKGROUND

Father and Vanessa Marie Hessel (Mother) divorced in 2016. The couple has one minor child and, as part of the divorce decree, the trial court ordered Father to pay child support. The final divorce decree addressed all other issues involving the parent-child relationship. In September 2018, Mother filed a suit to modify the parent-child relationship seeking to increase Father's child support due to changed economic circumstances. *See* Tex. Fam. Code Ann. § 156.001 (orders subject to modification). Father, an attorney, filed an answer pro se and denied Mother's allegations. Father was then served, via e-file, with discovery requests to which Father responded. However, after submitting the discovery, Father heard nothing further from Mother or Mother's counsel. Though Father's answer contained his mailing address and email address, Father contends that he did not receive any notice of trial from the trial court or Mother's counsel. Father claims he believed that Mother had abandoned her claim once she received discovery from Father disclosing a reduced income.

The trial court orally rendered a post-answer default judgment on July 22, 2019 increasing Father's child support.[1] Father filed a motion for new trial, verified by affidavit, arguing that the final order should be set aside because he had no notice of the July 2019 trial date. He stated in his affidavit that he first learned about the oral rendition of judgment on August 1, 2019, when staff for Mother's attorney contacted Father about resetting a hearing (for entry of the final order). Mother filed a response, though it was not verified or supported by any evidence. The trial court denied Father's motion for new trial following a hearing.

---

[1] The trial court signed a written final order memorializing the judgment on September 3, 2019.

## II. ANALYSIS

Father presents three issues on appeal. In issue 1, Father contends that the trial court abused its discretion in denying his motion for new trial. He argues that he was never notified of the July 2019 trial and that because he did not receive notice, he did not have to meet all of the *Craddock* factors in order to receive a new trial. *See Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). Mother has not appeared or filed any briefing in this appeal.

### A.    Standard of review

"A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion." *Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex. 1987). A trial court does not abuse its discretion when it denies a motion for new trial after rendition of a default judgment unless the defaulting party proves the elements identified in *Craddock*. *See* 133 S.W.2d at 126; *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). Under *Craddock*, the party against whom default was rendered must show that (1) his failure to appear was not intentional or the result of conscious indifference, (2) he has a meritorious defense, and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *See Cliff*, 724 S.W.2d at 779. And when the factual allegations in a movant's affidavit are not controverted, it is sufficient if the motion and affidavit provide factual information that, if taken as true, would negate intentional or consciously indifferent conduct. *See In the Matter of Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021). Generally, some excuse, although not necessarily a good one, will suffice to show that a defendant's failure appear to was not intentional or the result of conscious indifference. *See Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012).

If a party proves the first element under *Craddock* by establishing that he was not given notice of a trial setting, a court may dispense with the second and third elements. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (noting that (a) the second *Craddock* element is obviated and (b) several courts of appeals dispense with proof of the third *Craddock* factor in post-answer default judgments when no notice was given to the nonappearing defendant); *Ashworth v. Brzoska*, 274 S.W.3d 324, 329 (Tex. App.—Houston [14th Dist.] 2008, no pet.).[2] The law prefers for cases to be resolved on their merits whenever possible, rather than by default. *Ashworth,* 274 S.W.3d at 329. We presume a trial court will only hear a case after proper notice has been given to the parties. *Id*. Failing to give notice to a party of a trial setting violates the due process requirements of the United States Constitution. *LBL Oil Co. v. International Power Servs., Inc*., 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam) (citing *Peralta v. Heights Med. Ctr., Inc*., 485 U.S. 80, 84 (1988); *see* U.S. Const. amend. XIV, § 1. In fact, "[a] post-answer default judgment will only be valid if the defendant received notice of the default judgment hearing." *$429.30 v. State*, 896 S.W.2d 363, 366 (Tex. App.—Houston [1st Dist.] 1995, no writ). Father therefore is entitled to reversal and remand if he appeared in the case but had no notice of the trial setting on Mother's suit to modify the parent-child relationship.

---

[2] This court has recognized that whether a defendant who receives no notice of a trial setting must satisfy the third *Craddock* prong appears to be the subject of disagreement among Texas appellate courts. *See Mallory v. Mallory*, No. 14-06-01009-CV, 2009 WL 1886110, at *2 n.3 (Tex. App.—Houston [14th Dist.] July 2, 2009, no pet.) (mem. op. on reh'g); *Ashworth*, 274 S.W.3d at 329 n.4. *But see Peralta v. Heights Med. Ctr., Inc*., 485 U.S. 80, 84 (1988); *In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.) ("Because equitable principles and due process considerations are involved, it cannot be said that any injury the plaintiff suffers from a new trial is greater than the injury the defendant suffers from not having actual or constructive notice of the first trial. This is especially true in view of the fact that a conscientious plaintiff can undertake to notify the defendant of an initial trial setting.").

**B.     No evidence that Father received notice**

The question before this court is whether Father proved that he did not receive notice of the trial setting. Father filed an affidavit attesting that he did not receive notice of the trial setting and he reiterated this lack of notice at the hearing on the motion for new trial. In her response to Father's motion for new trial, Mother argued that Father received notice of the July 2019 trial setting. Mother's response made the following arguments:

> [Father] admits in his affidavit that he is a lawyer and is fully aware of how to use the Harris County District Clerk's website. He had notice of the trial date sent to him by opposing counsel on July 11, 2019 by certified and regular mail 11 days before a default judgment was taken and his failure to appear was wholly intentional and not due to a mistake or an accident [Father] deliberately did not file a response so as to injure [Mother].[3]

---

[3] Counsel for Mother also made the following similar arguments at the hearing on Father's motion for new trial, but clarified no notice was sent via regular mail:

THE COURT: Okay. So for some reason this case was reset to July 22nd. And didn't I have you --

[COUNSEL FOR MOTHER]: You did. You heard this case and asked me -- and I had sent him certified mail and a copy of the scheduling order and have received it back. And you asked me to when I filed the default to go ahead and file my notice, and so the notice was filed the day afterwards, but it reflected that I had sent it to him previously.

THE COURT: And what was the return on it?

[COUNSEL FOR MOTHER]: I got this letter back. I sent it --

THE COURT: But you sent it regular mail as well?

[COUNSEL FOR MOTHER]: No, Your Honor, I did not. I sent an e-mail. Part of the problem is Mr. Hessel is also an attorney.

THE COURT: Okay.

[COUNSEL FOR MOTHER]: So his e-mail address was being used as well as his mailing address. So this case was originally set on July 8th, and there was a scheduling order sent out and he wasn't here and it wasn't clear how it was sent to him.

So we reset it again, and the court sent him notice and I sent him notice. I sent

5

However, Mother did not attach any evidence to her motion supporting these assertions, including the certificate of service for the notice of trial reset sent to Father.[4]

Under Rule 21a, all notices other than the citation—including notice of trial setting—may be served in person, by mail, by commercial delivery service, by fax, by email, or by another manner approved by the trial court. Tex. R. Civ. P. 21a(a)(2). Service by mail is complete upon deposit of the document, postpaid and properly addressed, in the mail. Tex. R. Civ. P. 21a(b)(1). If notice is properly served in this manner, Rule 21a creates a presumption that the notice was received by the addressee. *See Mathis*, 166 S.W.3d at 745 ("[N]otice properly sent pursuant to [r]ule 21a raises a presumption that notice was received."); *Cliff*, 724 S.W.2d at 780. However, this presumption vanishes when evidence is introduced that the notice was not actually received. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999); *Cliff*, 724 S.W.2d at 780; *Ashworth*, 274 S.W.3d at 331 (citing *Mathis*, 166 S.W.3d at 744–45). Even if we were to accept Mother's unverified

him notice, the court sent him notice as you can see from your scheduling notice, and I sent him notice too, and he did't appear. So it was actually our second trial notice.

Counsel for Mother advised the trial court the notice sent via certified mail was returned, which corresponds with Father's affidavit testimony stating he never received the notice sent via certified mail. And at the hearing, Father also noted that Mother's counsel sent email service to an incorrect address.

[4] Father also attached several documents to his appellate brief, including Mother's certificate of service for the notice of trial reset, dated July 10, 2019. The certificate of service appears to be filed with the trial court; however, it does not appear in the appellate record. The other documents attached by Father also appear to be documents generated by the trial court or filed in the trial court. Texas Rule of Appellate Procedure 34.1 states that the appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1. We cannot consider documents attached to briefs unless they were before the trial court and are part of the record. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Because the documents attached to Father's brief are not a part of the record, we cannot consider them on appeal. However, to the extent they were before the trial court as part of its court records, they still would not provide any evidence controverting Father's statement that he did not receive notice.

statement that Father was sent notice on July 11, 2019, Mother did not submit any evidence to the court to controvert Father's affidavit that he did not receive the notice. *See Mathis*, 166 S.W.3d at 745 ("Without this presumption, there was no evidence that Mathis received notice of the trial setting. Testimony by Lockwood's counsel that notice was sent did not contradict Mathis's testimony that notice was never received."). Even if the trial court disbelieved Father's testimony, that would not provide affirmative evidence that service occurred. *Id.* (citing *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984) ("When the testimony of a witness is not believed, the trier of fact may simply disregard it. Normally the discredited testimony is not considered a sufficient basis for drawing a contrary conclusion.")).

Here, there is no evidence in the record that appellant received notice of a trial setting for July 22, 2019. *See Ashworth*, 274 S.W.3d at 330. Thus, unless Mother presented evidence to controvert Father's no-notice claim, a new trial was required. *See id.* at 328–29. Father's affidavit stating that he did not receive the notice was uncontroverted; therefore we conclude that the trial court abused its discretion by denying his motion for new trial.

We sustain Father's issue 1.

## C. Father's request for dismissal of Mother's lawsuit

In issue 2, Father argues that the trial court abused its discretion by failing to follow or enforce the local rules regarding discovery and alternative dispute resolution. In his motion for new trial, Father contends that Mother failed to follow the local rules requiring the parties to mediate and disclose certain financial information. Harris (Tex.) Family Trial Div. Loc. R. 4.4, 7.2; *see* Tex. R. Civ. P. 3a (authority to make local rules for civil cases in trial courts and requirement that those local rules be approved by Supreme Court of Texas). In addition to

7

requesting the trial court set aside the default, Father argued in his motion for new trial that Mother's suit should be dismissed for want of prosecution for failing to follow the local rules.[5] However, the only relief which a defaulting defendant may secure by filing a motion for new trial is a setting aside of the default judgment. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). Therefore, the trial court did not abuse its discretion in denying Father's request that Mother's lawsuit be dismissed for failure to follow local rules.

We overrule Father's issue 2.

## D.    Father's motion to compel arbitration

In issue 3, Father contends that the trial court abused its discretion by implicitly denying his motion to compel arbitration, which Father filed *after* the trial court orally rendered judgment.

To preserve a complaint for appellate review, a party must make the complaint to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). Preservation also requires one of three things: (1) an express ruling by the trial court; (2) an implicit ruling by the trial court; or (3) a refusal to rule by the trial court, coupled with an objection to that refusal by the complaining party.

---

[5] In his motion for new trial, Father requested both the dismissal of Mother's case, and, alternatively, a new trial:

> In this case, [Mother's] failure to provide proper notice, failure to meet her duty to prosecute, and her failure to comply with the Local Rules and mandates of the Court demonstrate an apparent attempt to gain an unfair advantage by securing an obviously erroneous and unfair default judgment by disregarding the Local Rules and mandatory policies of the Court. If [Mother] would have complied with any of the Local Rules or mandates from the Court's Scheduling Order set out above, [Father] would have had Notice that [Mother] had not abandoned her case and that the case was proceeding to trial. However, because [Mother] did not comply with the Court's rules and mandates regarding mediation and disclosure of financial information, [Father] did not have notice of trial. Accordingly, [Mother's] case should be dismissed for want of prosecution or, alternatively, at a minimum, [Father] should be granted a new [trial] so that justice can be done.

8

Tex. R. App. P. 33.1(a)(2). There is no express ruling on Father's motion to compel arbitration in the record, nor is there an objection by Father to the refusal to rule, if any, by the trial court. Thus, Father did not preserve error unless the trial court implicitly denied his motion. *See Bren-Tex Tractor 10 Co., Inc. v. Massey-Ferguson, Inc.*, 97 S.W.3d 155, 161 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (overruling complaint because trial court made no ruling on issue).

An essential element of an implicit ruling is awareness by the trial court of the request or motion that is supposedly being ruled on. *See Strunk v. Belt Line Rd. Realty Co.*, 225 S.W.3d 91, 99–100 (Tex. App.—El Paso 2005, no pet.); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 753 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied); *cf. Walker v. Gutierrez*, 111 S.W.3d 56, 60 n.1 (Tex. 2003). Ordinarily the filing of a motion, without more, does not give rise to an inference that the trial court is aware of the motion or that it must act on the motion. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied) ("A court is not required to consider a motion that is not called to its attention."). Here, Father does not explain why the trial court should have been aware of Father's motion or any need to act on a motion filed after judgment was rendered.

On the facts of this case, we conclude that no implied ruling can be inferred. Father did not file his motion to compel arbitration until after the trial court orally rendered default judgment, and the record does not indicate he brought the motion to the attention of the trial court at any time by setting it for submission. Therefore, we conclude that Father did not preserve any error. Tex. R. App. P. 33.1(a)(2).

We overrule issue 3.

9

### III.  CONCLUSION

We reverse the trial court's final order and remand the case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d).


/s/     Charles A. Spain
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.